**WO**  SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel (Mike) Mansanares, | No. CV 09-0284-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Sheriff Joseph Arpaio, et al., | |
| Respondents. | |

Petitioner Miguel Mansanares, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* document captioned "Emergency Application of Habeas Corpus/Motion for Emergency Stay of State Proceedings 28 U.S.C. 2251; 28 USC 1651(a)/Motion for Counsel to Aid in Filing Writ of Habeas Corpus 28 USC 2241(c)(3); 28 USC 1915(d)," hereafter "Motion." (Doc.# 1.)[1] On March 3, 2009, Petitioner filed a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody." (Doc.# 4.) Petitioner has paid the $5.00 filing fee to file a habeas petition pursuant to 28 U.S.C. § 2241. (Doc.# 1.) The Court will deny the motion and summarily dismiss the Petition and this action.

**I.    Petition**

Petitioner seeks relief with respect to three cases filed in Maricopa County Superior

---

[1] "Doc.#" refers to the docket number of filings in this action.

Court, CR2008-119398, CR2008-007665, and CR2008-007673. Plaintiff has been convicted by a jury of resisting arrest and aggravated assault in CR2008-119398 and sentencing is currently scheduled for March 18, 2009.[2] The two other cases have yet to be tried.[3] Petitioner asserts that he has been held in custody pursuant to invalid arrest warrants since March 2008. In his Petition, Petitioner names Maricopa County Sheriff Joseph Arpaio, Arizona Attorney General Terry Goddard, and Maricopa County Attorney Andrew P. Thomas.[4]

## II.     Relief Pursuant to § 2241 is Unavailable for a State Conviction

Petitioner in part seeks habeas relief as to a state court conviction. While challenges to pretrial incarceration may be brought pursuant to 28 U.S.C. § 2241, a prisoner attacking a state conviction must seek federal habeas relief pursuant to 28 U.S.C. § 2254. Federal habeas relief pursuant to 28 U.S.C. § 2254 is the "exclusive vehicle" for a state prisoner to seek relief from a state conviction or sentence in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Further, federal habeas relief for a state conviction is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In addition, a petitioner who seeks habeas relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court. Rule 2(e), foll. 28 U.S.C. § 2254.

To the extent that Petitioner seeks relief as to a state court conviction, he may not obtain federal habeas relief pursuant to § 2241, but must instead file a new action pursuant to § 2254. Under this Court's local rule, a habeas petitioner must use the court-approved form when he files a *pro se* petition pursuant to 28 U.S.C. § 2254, see LRCiv 3.5(a).

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/022009/m3579402.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/012009/m3538822.pdf.

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/012009/m3537688.pdf.

[4] Neither Goddard, nor Thomas are properly named Respondents because neither has custody of Petitioner. A petitioner for habeas relief must name the state *officer* having custody of him as a respondent to the petition. Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)).

Petitioner is further informed of the following: A prisoner attacking a state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). To exhaust state remedies, a petitioner must fairly present his claims to the highest state court within a state's standard review process in order to provide the state with an opportunity to rule on the merits of his federal claims. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); see McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals, either on direct appeal or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. Crowell v. Knowles, 483 F.Supp.2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); cf. Swoopes, 196 F.3d at 1010 (citing pre-1989 statutory amendment); Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (same) Accordingly, the Petition is dismissed to the extent that Petitioner seeks relief as to a state court conviction in this action.[5]

### III.     Pretrial Habeas Relief

To the extent that Petitioner seeks pretrial habeas relief pursuant to § 2241, his Petition will be dismissed based upon abstention. Challenges to pretrial incarceration may be brought pursuant to 28 U.S.C. § 2241(c)(3). Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] ... in custody in violation of the Constitution

---

[5] If a petitioner chooses to seek discretionary review in the Arizona Supreme Court, however, he must await the conclusion of that review before he may seek federal habeas relief. See Swoopes, 196 F.3d at 1010; Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983) (habeas petition prematurely filed where proceedings concerning same claims pending in state court); Fordjour v. Stewart, 44 Fed. Appx. 789, 789-90 (9th Cir. 2002) (habeas action may be dismissed as unexhausted and premature when discretionary petition is pending before the Arizona Supreme Court because relief could be granted that would moot federal claims).

...

1  or laws or treaties of the United States . . . ." See McNeeley v. Blanas, 336 F.3d 822, 824
2  n.1 (9th Cir. 2003); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980) ("district
3  court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus").
4  The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), however,
5  prevents a federal court in most circumstances from directly interceding in ongoing state
6  criminal proceedings. The Younger abstention doctrine also applies while a case works its
7  way through the state appellate process, if a prisoner is convicted. New Orleans Pub. Serv.,
8  Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). Only in limited,
9  extraordinary circumstances will the Younger doctrine not bar federal interference with
10 ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner
11 alleges that he is being subjected to double jeopardy. See Mannes v. Gillespie, 967 F.2d
12 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed if a detainee is seeking
13 to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the
14 detainee has exhausted all of his state court remedies. Braden v. 30th Judicial Circuit Court
15 of Kentucky, 410 U.S. 484, 489-90 (1973); see In re Justices of Superior Court Dep't of
16 Mass. Trial Court, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

17       In this case, Petitioner alleges that he was arrested pursuant to invalid warrants and
18 he seeks a *stay* of pending state criminal proceedings. He also asserts violation of various
19 federal civil rights statutes.[6] These grounds do not fall within the very limited circumstances
20 in which a federal court may intercede in ongoing state criminal proceedings under the
21 Younger doctrine. For that reason, the Petition will be dismissed without prejudice and
22 without leave to amend to the extent that Petitioner seeks pretrial habeas relief.

---

[6] While a state inmate may seek injunctive or compensatory relief based on violation of his civil rights, he must do so in an action filed pursuant to 42 U.S.C. § 1983, not in a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750 (2004); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

**IT IS ORDERED:**

    (1)    Petitioner's Emergency Application for Habeas Corpus is **denied**.  (Doc.#1.)

    (2)    The Petition and this action are **dismissed**.  (Doc.# 4.)

DATED this 16th day of March, 2009.

_____
Mary H. Murguia
United States District Judge