**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel (Mike) Mansanares, | No. CV 09-0284-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Sheriff Joseph Arpaio, et al., | |
| Respondents. | |

On March 17, 2009, the Court denied Petitioner's "Emergency Application of Habeas Corpus/Motion for Emergency Stay of State Proceedings 28 U.S.C. 2251; 28 USC 1651(a)/Motion for Counsel to Aid in Filing Writ of Habeas Corpus 28 USC 2241(c)(3); 28 USC 1915(d)" and his "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody" and judgment was entered. (Doc.# 1, 4, 5, 6.) On March 18, 2009, Petitioner filed an amended petition, which the Court dismissed on March 25, 2009 because this case was closed. (Doc.# 7, 8.) Petitioner has filed a "Motion to Reserve Legal Rights to Meet Time Statutes Triggered by Federal Court Order Dated March 25, 2009." (Doc.# 9.) Petitioner's motion will be denied.

**I.  Background**

In his Application and Petition (doc.# 1, 4-6), Petitioner sought relief with respect to three cases filed in Maricopa County Superior Court: CR2008-119398, CR2008-007665, and CR2008-007673. At the time he commenced this case, Petitioner had been convicted

1 by a jury of resisting arrest and aggravated assault in CR2008-119398 with sentencing
2 scheduled for March 18, 2009, and the other cases had yet to be tried. In his Petition,
3 Petitioner asserted that he had been held in custody pursuant to invalid arrest warrants since
4 March 2008.

5 In its March 17, 2009 Order, the Court dismissed this case. (Doc.# 5.) The Court
6 explained that habeas relief under 28 U.S.C. § 2241 was unavailable as to CR2008-119398
7 because Petitioner had already been convicted. (Doc.# 5 at 2.) The Court informed
8 Petitioner that habeas relief as to a state court conviction must be sought by filing a *new* case
9 pursuant to 28 U.S.C. § 2254, using the court-approved form.[1] (Id. at 2-3.) The Court denied
10 habeas relief pursuant to § 2241 as to Petitioner's two pending state cases based on
11 abstention under Younger v. Harris, 401 U.S. 37 (1971). The Court found that the grounds
12 asserted in the Petition did not fall within the very limited circumstances in which a federal
13 court may intercede in ongoing state criminal proceedings under Younger. (Id. at 3-4.)
14 Thereafter, the Court entered Judgment in this case. (Doc.# 6.) The following day,
15 Petitioner filed a document captioned "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas
16 Corpus by a Person in State Custody [Amended Petition]" ("Amended Petition"). (Doc.# 7.)
17 On March 25, 2009, the Court summarily dismissed the Amended Petition because this case
18 was closed. (Doc.# 8.)

19 Petitioner has now filed his "Motion to Reserve Legal Rights to Meet Time Statutes
20 Triggered by Federal Court Order Dated March 25, 2009." (Doc.# 9.) Although far from
21 clear, Petitioner appears to be seeking reconsideration and/or an injunction of pending state
22 criminal proceedings.

**II.     Reconsideration**

24 Petitioner in part appears to seek reconsideration of the March 25, 2009 Order

---

[1] The Court further informed Petitioner that to seek habeas relief from judgments of more than one state court, he must file a separate petition covering the judgment or judgments of each court. (Id. at 2.)

1 summarily dismissing his Amended Petition after this case had been dismissed. Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

The Court dismissed this action on March 17, 2009 and, on March 25, 2009, summarily dismissed the Amended Petition, which was filed after the dismissal of the case. (Doc.# 5, 8.) Petitioner has not presented newly discovered evidence, established that the Court committed clear error or that its prior decision was manifestly unjust, or shown that there has been an intervening change in controlling law. To the extent that Petitioner seeks reconsideration of the March 25 Order, his motion will be denied.

**III.  Stay Pursuant to § 2251**

Petitioner otherwise appears to seek a stay of pending state criminal court proceedings pursuant to 28 U.S.C. § 2251. Section 2251 provides that:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251. Section 2251 permits a federal court to stay execution of a state sentence pending review of a habeas petition. See Vargas v. Lambert, 159 F.3d 1161, 1165 (9th Cir. 1998); Bundy v. Wainwright, 808 F.2d 1410 (11th Cir. 1987); see also Schillaci v. Peyton, 328 F. Supp.2d 1103 (D. Hawaii 2004) (staying retrial on double jeopardy grounds). The standard to grant a stay pursuant to § 2251 requires a petitioner to show substantial grounds upon which relief might be granted. Vargas, 159 F.3d at 1166. To show substantial grounds,

1  a petitioner must demonstrate that there are issues that are debatable among jurists of reason,
2  that a court could resolve the issues differently under the law, or that the questions are
3  adequate to deserve encouragement to proceed further.  Schillaci, 328 F. Supp.2d at 1104
4  (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

5        This action has been dismissed.  If Petitioner wishes to seek a stay of pending state
6  court criminal proceedings, he must commence a new case pursuant to 28 U.S.C. § 2241 by
7  filing a petition on the court-approved form.  Petitioner may then, if he chooses, file a motion
8  for stay in the new action.  Petitioner's motion for a stay *in this case* will be denied.

9  **IT IS ORDERED**:

10  (1)   Petitioner's motion to reserve legal rights is construed as a motion for
11  reconsideration or a motion for stay pursuant to 28 U.S.C. § 2251.  (Doc.# 9.)

12  (2)   Petitioner's motion to reserve legal rights is **denied**.  (Doc.# 9.)

13  DATED this 19th day of May, 2009.

_____
Mary H. Murgia
United States District Judge

- 4 -